UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDGAR CASON, ET AL. | CIVIL ACTION NO. 10-1443 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CHESAPEAKE OPERATING INC., ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

On August 17, 2010, Plaintiffs Edgar Cason and Flora Caskey Cason ("Plaintiffs") filed a petition in the 39th Judicial District Court, Red River Parish, State of Louisiana, against Chesapeake Operating, Inc. ("Chesapeake"), Empresa Louisiana Properties, L.P., formerly Empresa Energy, L.P. ("Empresa"), Encana Oil & Gas (USA), Inc. ("Encana"), Fluid Disposal Specialities, Inc. ("Fluid Disposal"), and SWEPI, L.P. ("SWEPI") (collectively "Defendants"). [Record Document 1-1]. Plaintiffs seek a judicial declaration that the May 31, 2005 mineral lease from Plaintiffs to Pride Oil & Gas Properties, Inc. is terminated and of no force or effect as of June 1, 2010; damages for Defendants' alleged trespass and damage to Plaintiffs' property; and damages for Defendants' alleged failure to release the May 31, 2005 mineral lease. Id.

On September 17, 2010, Defendants removed the case to the Western District of Louisiana, Shreveport Division, on the basis of diversity jurisdiction. [Record Document 1]. Defendants acknowledge in their Notice of Removal that Fluid Disposal is a Louisiana corporation but allege Fluid Disposal "was fraudulently joined in this litigation solely for the purposes of defeating diversity jurisdiction." Id. at ¶ 8. Specifically,

Defendants contend "Fluid Disposal was, at all relevant times to Plaintiffs' allegations, acting as a contractor to Chesapeake pursuant to, and completely within, express plans and specifications provided by Chesapeake" and, therefore, is immune from liability pursuant to Louisiana Revised Statute 9:2771.  Id.  Thereafter, Plaintiffs filed a Motion to Remand [Record Document 18] asserting that they "have clearly stated a cause of action against Fluid Disposal" and that there is at least "a reasonable basis for predicting that state law might impose liability" against Fluid Disposal on the facts involved in this matter.  Id. at ¶ 6.  Thus, Plaintiffs contend there is no fraudulent joinder and move for an order remanding this action to the 39th Judicial District Court, Red River Parish, State of Louisiana.  Id.

## LAW AND ANALYSIS

Title 28 of the United States Code, Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added).

Diversity jurisdiction was designed to protect out-of-state defendants from possible prejudices in state court, but the forum-defendant rule exists because those concerns are obviated in cases where the defendant is a citizen of the state in which the case is brought.  See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546,

553, 125 S.Ct. 2611, 2617, 162 L.Ed.2d 502 (2005). The "properly joined and served" provision of § 1441(b) prevents a plaintiff from joining a resident defendant against whom the plaintiff knows it cannot successfully proceed in order to defeat subject matter jurisdiction.

To demonstrate "improper" or "fraudulent joinder," the removing defendants must show (1) actual fraud in the pleading of jurisdictional facts, or (2) that the plaintiff is unable to establish a cause of action against the nondiverse defendant.[1] Campbell v. Stone Ins., 509 F.3d 665, 669 (5th Cir. 2007). Under the second prong, "the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'"[2] Id. (quoting Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003), cert. denied, 546 U.S. 813, 126 S.Ct. 335, 163 L.Ed.2d 48 (2005)). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." Id. (emphasis in original). In making this determination, the Court may "'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." Id. (quoting Ross, 344 F.3d at 462-63). However, "any piercing of the pleadings should not entail substantial hearings." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004), cert.

---

[1]The burden of establishing improper joinder rests on the removing defendants, and the Fifth Circuit has emphasized that this burden is a "heavy one." McDonal v. Abbott Laboratories, 408 F.3d 177, 183 (5th Cir. 2005) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)).

[2]Because defendants do not claim "actual fraud in the pleading of jurisdictional facts," see Record Documents 1 and 18, the Court need only to determine whether Plaintiffs' can establish a cause of action against Fluid Disposal.

denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).  Rather, the Court must take into account "all unchallenged factual allegations, including those in the complaint, in the light most favorable to the plaintiff" and "must resolve all ambiguities of state law in favor of the non-removing party."  Campbell, 509 F.3d at 659 (quoting Ross, 344 F.3d at 463; Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003)).  Attempting to move beyond this summary process carries a heavy risk of moving the Court beyond the issue of jurisdiction and into a resolution of the merits.  Smallwood, 385 F.3d at 574.

In their petition, Plaintiffs specifically allege that "persons from Chesapeake and/or Fluid Disposal . . . failed to make a timely call to [Louisiana] One Call to secure the necessary permission to cross a number of pipelines that traverse petitioners' land" and, as a result of the untimely call, "One Call and/or the owners of the various pipelines would not be able to mark the pipelines for safe crossing until June 1, 2010, being one day after the expiration of the primary term of the lease."  [Record Document 1-1, ¶¶ 14-15].  Plaintiffs aver that although "the pipelines could not be [safely] crossed with heavy equipment until sometime after the pipelines were marked on June 1, 2010," several persons from Fluid Disposal entered upon the petitioners' land on May 29, 2010 through May 31, 2010 and traversed the pipelines "until reaching the pertinent tract of land in section 24 where said persons began cutting down trees with a chain saw and then began cutting the trees up into very small pieces."  Id. at ¶ 16.  Plaintiffs further allege that after the lease expired, "Fluid Disposal continued to traverse the lands of petitioners . . . and continued to do minor work on the property . . ., which

activity constituted a trespass and caused damage to petitioner's property." Id. at ¶ 17. For purposes of the motion to remand, the Court must determine whether there is a reasonable basis on which Fluid Disposal could be held liable to Plaintiffs under Louisiana state law for the alleged trespass and damage to Plaintiffs' property. See Record Document 1.

Under Louisiana law, a contractor owes third parties a duty to exercise ordinary care and refrain from creating hazardous conditions in the fulfillment of its contractual obligations. Lyncker v. Design Eng'g, Inc., 988 So.2d 812, 814 (La.App. 4 Cir.), writ denied, 992 So.2d 1036 (La. 2008); Morgan v. Lafourche Recreation Dist. No. 5, 822 So.2d 716, 721 (La.App. 1 Cir.), writ denied, 827 So.2d 1156 (La. 2002); Cormier v. Honiron Corp., 771 So.2d 193, 197 (La.App. 3 Cir. 2000). However, La. R.S. 9:2771 provides in relevant part:

> No contractor . . . shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration, or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner.

The rationale supporting La. R.S. 9:2771 is that a contractor is not the guarantor of the sufficiency of plans and specifications drawn by another. Cormier, 771 So.2d at 197. Nevertheless, a contractor's immunity under La. R.S. 9:2771 is not absolute. To avoid liability for third-party tort claims, the contractor must prove (1) that the condition

created was not hazardous, or (2) that it had no justifiable reason to believe that its adherence to the plans and specifications created a hazardous condition.³ Lyncker, 988 So.2d at 815; Morgan, 822 So.2d at 721 (citing Cormier, 771 So.2d at 197); Bernard v. State, 640 So.2d 694, 700 (La.App. 3 Cir.), writ denied, 643 So.2d 165 (La. 1994); see also Recotta Trucking Co., Inc. v. Dep't of Transp. & Develop., 573 So.2d 526, 527 (La.App. 4 Cir. 1990) ("When a third party is injured the statutory immunity provided by R.S. 9:2771 applies when the contractor has no reason to suspect that the deficiencies in the plans and specifications would create a dangerous situation.") (citing Van Alton v. Fisk Elec., Inc., 531 So.2d 1175, 1177 (La.App. 4 Cir. 1988)).

In their opposition to Plaintiffs' motion to remand, Defendants essentially argue that a contractor's immunity is absolute in the context of trespass and other non-hazardous conditions. See Record Document 24, pp. 7-8. Defendants cite to Pearce v. L.J. Earnest, Inc., 411 So.2d 1276 (La.App. 3 Cir.), writ denied, 414 So.2d 377 (La. 1982), where the court determined that the contractor was entitled to immunity under La. R.S. 9:2771 despite the property owner's "unequivocal protest" that he had not authorized the work to be performed. Relying on Pearce, Defendants contend that, in the trespass context, contractor immunity applies "regardless of whether the contractor had knowledge of the plaintiffs' claim of ownership to the property at issue." [Record Document 24, p.8]. "Because the undisputed facts establish that Fluid Disposal acted,

---

³The contractor immunity created by La. R.S. 9:2771 is an affirmative defense and the burden of establishing these essential elements rests with the contractor. See Morgan, 822 So.2d at 722.

at all relevant times, within the plans and specifications provided by Chesapeake," Defendants maintain that "Plaintiffs have no reasonable possibility of recovering against Fluid Disposal." Id. The Court disagrees.

In order to accept Defendants' argument, the Court would not only have to examine the particular plans and specifications at issue and determine whether the work performed by Fluid Disposal was in accordance with those plans and specifications, but would also have to determine that no hazardous or dangerous condition was created by Fluid Disposal's failure to timely contact Louisiana One Call or that Fluid Disposal had no reason to believe a hazardous or dangerous condition would be created by adherence to the plans and specifications created by Chesapeake. Such an intensive inquiry goes far beyond the "summary inquiry" envisioned by the Fifth Circuit in Smallwood and goes directly to the merits of the case. See e.g., Catalano v. Cleggett-Lucas, 2002 WL 506810 (E.D.La. Mar. 28, 2002) (wherein the district court found that the validity of defendants' affirmative defense would require a fact-based inquiry and, therefore, was not sufficient to establish fraudulent joinder of the non-diverse defendant); Cooper v. Brown & Williamson Tobacco Corp., 2001 WL 1677049 (E.D.La. Apr. 12, 2001) (wherein the district court refused to address the merits of defendants' affirmative defense). Furthermore, at this initial stage of the litigation, the Court is not willing to hold, as a matter of law, that a contractor's immunity under La. R.S. 9:2771 is absolute in the context of trespass or "non-hazardous" conditions. Defendants have not cited to, and the Court has not been able to find, any Louisiana

cases in which the immunity provided under La. R.S. 9:2771 is distinguished between "hazardous" and "non-hazardous" conditions or between "personal injury" and "trespass" actions. Thus, taking into account all unchallenged factual allegations in the light most favorable to the Plaintiffs and resolving all ambiguities of state law in favor of the Plaintiffs, see Campbell, 509 F.3d at 659, the Court is compelled to find that there is arguably a reasonable basis for predicting that Louisiana law might impose liability against Fluid Disposal for the alleged trespass and damage to Plaintiffs' property.[4]

## CONCLUSION

Having found there is arguably a reasonable basis for predicting that state law might impose liability against Fluid Disposal, the Court finds that Fluid Disposal was properly joined as a defendant in this action and its citizenship must be considered for purposes of diversity jurisdiction. Given that Fluid Disposal is a citizen of Louisiana, the forum-defendant rule precludes Defendants from removing this action under 28 U.S.C. § 1441 and establishing diversity jurisdiction in this Court.

Accordingly, Plaintiffs' Motion to Remand [Record Document 18] shall be **GRANTED**, and this case shall be **REMANDED** to the 39th Judicial District Court, Red River Parish, State of Louisiana.

An Order consistent with this Memorandum Ruling will issue herewith.

---

[4]Compare Menendez v. Wal-Mart Stores, Inc., 364 Fed.Appx. 62, 2010 WL 445470, at *6 (5th Cir. 2010) (the Court pierced the pleadings and considered summary judgment-type evidence to determine whether there was a reasonable possibility that defendants could be held liable under well-established principles of state law).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 18th day of January, 2011.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE